IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIDWAY LEASING, INC., a New Mexico
corporation,

    Plaintiff,

v.                                                                CIV 18-0132 KBM/KK

WAGNER EQUIPMENT CO., a Colorado
corporation,

    Defendant.

# **MEMORANDUM OPINION AND ORDER**
# **DENYING MOTION TO AMEND FINDINGS AND CONCLUSIONS**

On March 1, 2019, this Court entered its of Findings of Fact and Conclusions of Law following a bench trial and, based upon those findings and conclusion, entered Judgment in favor of Plaintiff Midway Leasing, Inc. ("Midway") in the amount of $175,000. *See Docs. 67 & 68.* Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Midway now moves this Court to amend paragraphs 17 and 18 of its conclusions of law and adjust its judgment accordingly. *Doc. 69.* That motion is now fully briefed and ready for ruling. *Doc. 73.*

In its conclusions, the Court found that the $175,000 flat fee paid by One Central, LLC to McCall for his negotiating services associated with its IRB application provided the only evidence of fair market value of the services Midway provided to Wagner Equipment Company ("Wagner") in conjunction with Wagner's IRB application. *Doc. 67* at ¶16. Midway argues that because One Central, LLC and Midway arrived at that flat

fee amount as a percentage of the total IRBs sought, that same method of calculation must be used in association for the services provided to Wagner.

The Court respectfully disagrees and notes that the Court specifically addressed and implicitly rejected this argument. In Paragraph 17 of its conclusions, this Court expressly found that

> Although McCall spent less time on the One Central project (approximately 20 hours) and the fee was calculated as a percentage of the face amount of the bonds for that project, the same negotiating and lobbying efforts were involved and a non-contingent flat fee of $175,000 applied. A flat fee method of payment is necessarily independent of the number of hours it takes to fully perform the tasks to complete the goal – in this case, approval and issuance of IRBs.

Clearly the Court rejected the use here of the formula McCall and One Central, LLC used to agree on payment for the overall package of services provided on its IRB application.

Instead, as Wagner observes in its Response to the motion, "the Court determined that the total fee for the One Central project was an instructive benchmark, but that the underlying methodology was not applicable" for assessing the value of the appropriate equitable remedy in this case. *Doc. 72* at 4. It was at the recommendation of Midway and Bernalillo County's Economic Development Director that Wagner chose to apply for a higher value of bonds than it felt was needed to preserve its options if the project expanded in the future. Awarding an additional $325,000 for the IRB services provided by McCall simply because Wagner followed that advice strikes the Court as a renewed attempt to impose an already rejected contractual damages claim rather than fashion an equitable remedy.

In short, Plaintiff Midway demonstrates none of the three justifications for granting its Rule 59(e) motion. Here we have no intervening change in controlling

law, no new evidence and no need to correct clear error or prevent manifest injustice. *See In re Sun Healthcare Grp., Inc.*, 214 F.R.D. 671, 673 (D.N.M. 2003). Wherefore, the motion is not well taken and will be denied.

                                      _____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent