IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIDWAY LEASING, INC., a New Mexico
corporation,

    Plaintiff,

v.                                                                      CIV 18-0132 KBM/KK

WAGNER EQUIPMENT CO., a Colorado
corporation,

    Defendant.

## **MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR WRIT OF EXECUTION**

Now that cross-appeals to the Tenth Circuit have concluded, Plaintiff Midway Leasing, Inc. ("Midway") moves this Court to issue a Writ of Execution for the amount of unpaid post-judgment interest in the $175,000 judgment against Defendant, Wagner Equipment Co. ("Wagner"). *Doc. 90.* It appears that this motion is now fully briefed and ready for ruling although no Notice of Completion has been filed.

On March 1, 2019, this Court entered its Findings of Fact and Conclusions of Law following a bench trial and, based upon those findings and conclusions, entered Judgment in favor of Plaintiff Midway Leasing, Inc. ("Midway") in the amount of $175,000 on its quantum meruit claim. *See Docs. 67 & 68.* In its conclusions, the Court found that the flat fee paid by One Central, LLC to McCall for his negotiating services associated with its IRB application provided the only evidence of fair market value of the services that Midway provided to Wagner in conjunction with Wagner's IRB application. *Doc. 67* at ¶ 16. Midway subsequently filed a Motion to Amend Findings of Fact and

Conclusions of Law and Judgment under Rule 52(e) and 59(e) (*Doc. 69*), which the Court denied on May 28, 2019 (*Doc. 74*).

The Tenth Circuit Court of Appeals affirmed the $175,000 award and this Court's entry of summary judgment in Midway's favor on Wagner's breach of contract claim. *Midway Leasing, Inc. v. Wagner Equip. Co.*, 842 F. App'x. 209 (10th Cir. Jan. 8, 2021).[1] The mandate became effective on February 12, 2021. *Doc. 89.* Wagner then tendered the judgment amount plus applicable costs, but Midway objected on the ground that Wagner had not added post-judgment interest.

At the heart of the present controversy is the effect of Wagner's earlier attempt to pay in full the judgment within 30 days of its entry by the trial court. It is undisputed that back on June 20, 2019, Defendant Wagner attempted tender of full payment of the $175,000 judgment (plus applicable costs). As noted by the Sixth Circuit, "the primary purpose of post-judgment interest is to compensate plaintiffs for the lost use of payments due and to discourage unnecessary delay in making payment." *BP Expl. & Oil Co. v. Maint. Servs., Inc.*, 313 F.3d 936, 948 (6th Cir. 2002). "[O]nce a defendant unconditionally tenders payment, the rationale for imposing post-judgment interest no longer applies." *Id.*

Here, Midway declined to cash the June 2019 check. Plaintiff felt it was entitled to greater compensation and feared that accepting payment of the judgment amount would compromise its ability to appeal the awarded amount. In support of its position,

---

[1] Wagner's conditional cross-appeal concerned the calculation of the restitution award. Wagner asked that the Tenth Circuit consider its cross-appeal "*only* in the event that [the] Court remands this matter for further proceedings before the District Court." See Principal Brief of Appellee/Cross-Appellant at 58, *Midway Leasing, Inc. v. Wagner Equip. Co.*, Nos. 19-2108, 19-2099, (10th Cir. Feb. 28, 2020).

Plaintiff relies on *Evans v. Stearns-Roger Mfg. Co.*, 253 F.2d 383 (10th Cir. 1958). There, the Tenth Circuit noted that in New Mexico and elsewhere, "a plaintiff who accepts satisfaction, in whole or in part, of a judgment rendered in his favor waives his right to maintain an appeal or seek review of the judgment for error." *Id.* at 385.

Wagner, however, disputes that this general proposition applies to the facts of this case. This Court agrees because "it is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." *United States v. Hougham*, 364 U.S. 310, 312 (1960). As Wagner points out,

> Midway's essential objective [on appeal] was to recover higher damages than the amount awarded by this Court. The Court had awarded Midway $175,000 on the basis of Midway's unjust enrichment/quantum meruit theories. On appeal, Midway sought reversal of the Court's decision to grant summary judgment on its breach of contract claim – a claim which Midway valued at an amount substantially higher than $175,000. Midway also alleged that the Court had erred in its calculation of the restitution award. Midway's grounds for appeal did not place at risk its recovery of at least the $175,000 it had already been awarded. Midway did not request that the Tenth Circuit reverse the entire award and order a new trial. . . . This analysis demonstrates that Midway would not automatically have waived its appeal rights by accepting payment of the judgment from Wagner.

*Doc. 91* at 5 (citation omitted). Thus, as Wagner argues, its June 2019 attempt to tender full payment with no conditions or restrictions on acceptance effectively suspended any interest due on the award. *See BP Expl. & Oil Co.,* 313 F.3d at 948.

Midway nevertheless insists that a "litigant will not be penalized for pursuing its right to appeal by cutting off postjudgment interest mandated by § 1961, especially when the defendant cross-appealed." *Doc. 90* at 3 (citing *Wheeler v. John Deere Co.*, 986 F.2d 413, 416 (10th Cir. 1993)). *Wheeler* is distinguishable, however, as "[t]here is

3

no indication, on the record of this case, that the duration of the appeal proceedings was extended due to Wagner's cross-appeal." *Doc. 91* at 6. Unlike the Defendant in *Wheeler,* Wagner's cross-appeal was conditioned on a remand by the Tenth Circuit for further proceedings and therefore not even addressed at the appellate level.

In conclusion, the Court finds that post-judgment interest ceased to accrue on June 20, 2019, the date Wagner first tendered unconditioned full payment to Midway. Therefore, Plaintiff's Motion to Issue a Writ of Execution *(Doc. 90)* is **denied**.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent